| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Timothy J. Silverman, Esq. [SBN. 145264]<br>Solomon, Grindle, Silverman & Wintringer, APC<br>12651 High Bluff Drive, Suite 250<br>San Diego, CA 92130<br>Tel: [858] 793-8500  Fax: [858] 793-8263<br>Tim@sgswlaw.com<br><br><br><br><br><br>☐  *Movant appearing without an attorney*   9173.0537<br>☒  *Movant for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – <u>LOS ANGELES</u> DIVISION**

| In re:<br><br>JOSEPH DAVID VIDAL AND LUDIVINA VILLEGAS,<br><br><br>KATHY A. DOCKERY, CHAPTER 13 TRUSTEE,<br><br><br><br><br>Debtor(s). | CASE NO.: 2:12-BK-16592-SK<br><br>CHAPTER: 13<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) REGARDING REAL PROPERTY**<br><br>DATE: July 23, 2014<br>TIME: 8:30 a.m.<br>COURTROOM:  1575, 15th Floor |

Movant: <u>PENNYMAC LOAN SERVICES, LLC its successors and/or assigns</u>

**Movant is the (*check one*):**
☐  Holder of deed of trust
☒  Assignee of holder of deed of trust
☐  Servicing agent for holder of deed of trust or assignee of holder of deed of trust

1.  NOTICE IS HEREBY GIVEN to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

2.  **Hearing Location:**
☒  **255 East Temple Street, Los Angeles**          ☐ **411 West Fourth Street, Santa Ana**
☐  **21041 Burbank Boulevard, Woodland Hills**     ☐ **1415 State Street, Santa Barbara**
☐  **3420 Twelfth Street, Riverside**

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 1                    **F 4001-1.RFS.RP.MOTION**

3.  a. ☒  This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1.  If you wish to oppose this motion, you must file a written response to this Motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this motion.

  b. ☐  This motion is being heard on SHORTENED NOTICE.  If you wish to oppose this motion, you must appear at the hearing.  Any written response or evidence may be filed and served:

      ☐ at the hearing      ☐ at least _____ days before the hearing.

  (1)  ☐ A Motion for Order Shortening Time was not required according to the calendaring procedures of the assigned judge.

  (2)  ☐ A Motion for Order Shortening Time was filed pursuant to LBR 9075-1(b) and was granted by the court, and such motion and order have been or are being served upon the Debtor and trustee, if any.

  (3)  ☐ A Motion for Order Shortening Time has been filed and is pending.  Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the motion, if any.

4.  You may contact the clerk's office to obtain a copy of an approved court form for use in preparing your response (*optional LBR form F 4001-1.RESPONSE*), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5.  If you fail to file a written response to the motion, if required, or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date: June 20, 2014

SOLOMON, GRINDLE, SILVERMAN & WINTRINGER, APC
Printed name of law firm (if applicable)

Timothy J. Silverman
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 2                          **F 4001-1.RFS.RP.MOTION**

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (Property):

   Street address: 431 Milton Drive
   Unit/suite no.:
   City, state, zip code: San Gabriel, California 91775

   Legal description or document recording number (including county of recording):

   ☒ See attached continuation page.

2. **Case History**:

   a. ☒ A voluntary petition   ☐ An involuntary petition
      under Chapter   ☐ 7   ☐ 11   ☐ 12   ☒ 13  was filed on *(specify date)*: __February 24, 2012__

   b. ☐ An Order of Conversion to chapter   ☐ 7   ☐ 11   ☐ 12   ☐ 13
      was entered on *(specify date)*: _____

   c. ☒ Plan, if any, was confirmed on *(specify date)*: ___September 28, 2012___

   d. ☐ Other bankruptcy cases affecting this Property were pending within the past two years. See attached declaration.

3. **Grounds for Relief from Stay**:

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

      (1) ☒ Movant's interest in the Property is not adequately protected.

         (a) ☒ Movant's interest in the collateral is not protected by an adequate equity cushion.

         (b) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against the decline.

         (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower's obligation to insure the collateral under the terms of Movant's contract with Debtor.

         (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted to Movant.

      (2) ☐ The bankruptcy case was filed in bad faith to delay, hinder, or defraud Movant.

         (a) ☐ Movant is the only creditor or one of very few creditors listed on the Debtor's master mailing matrix.

         (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

         (c) ☐ The Debtor filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the petition and a few other documents. No other Schedules or Statement of Financial Affairs (or chapter 13 Plan, if appropriate) have been filed.

         (d) ☐ Other (*see attached continuation page*).

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                   Page 3                      **F 4001-1.RFS.RP.MOTION**

(3) ☒ *(Chapter 12 or 13 cases only)*

    (a) ☐ Postconfirmation plan payments have not been made to the standing trustee.

    (b) ☒ Postpetition payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ For other cause of relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor has failed within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to U.S.C. § 362(d)(4), Debtor's filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐ Multiple bankruptcy filings affecting the Property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration(s).

5. **Evidence in Support of Motion: (*Important Note: Declaration(s) in support of the Motion MUST be attached hereto.*)**

a. ☒ Movant submits the attached declaration(s) on the court's approved forms (*if applicable*) to provide evidence in support of this Motion pursuant to the LBR.

b. ☐ Other declaration(s) are also attached in support of this Motion.

c. ☒ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's schedules. Authenticated copies of the relevant portions of the schedules are attached as Exhibit _5_.

d. ☐ Other evidence (*specify*): _____

6. ☐ An Optional Memorandum of Points and Authorities is attached to this Motion.

**WHEREFORE, Movant prays that the court issue an Order terminating or modifying the stay and granting the following (*specify forms of relief requested*):**

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. **Movant, or its agents, may, at its option, offer, provide and enter into an potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.**

3. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration(s).

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*        Page 4        **F 4001-1.RFS.RP.MOTION**

4.  ☒  Additional provisions requested:
    a.  ☒  That the 14-day stay described by FRPB 4001(a)(3) be waived.

    b.  ☐  That Extraordinary Relief be granted as set forth in the Attachment *(attach optional LBR Form F 4001-1.EXT.RELIEF.ATTACH).*

    c.  ☐  For other relief requested, see attached continuation page.

5.  If relief from stay is not granted, Movant respectfully requests the court to order adequate protection.

Date:   June 20, 2014

Respectfully submitted,

PENNYMAC LOAN SERVICE, LLC its successors and/or assigns
Printed Name of Movant

SOLOMON, GRINDLE, SILVERMAN & WINTRINGER, APC
Printed name of attorney for Movant (if applicable)

Signature

Timothy J. Silverman
Printed name of individual Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*          Page 5          **F 4001-1.RFS.RP.MOTION**

## REAL PROPERTY DECLARATION

I, _____Rita Garcia_____, declare as follows

*(Print Name of Declarant)*

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because *(specify)*:

☐   I am the Movant and owner of the Property.

☐   I manage the Property as the authorized agent for the Movant.

☒   I am employed by Movant as *(state title and capacity)*: _____Bankruptcy Manager_____

☐   Other *(specify)*: _____

2.  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business due to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

3.  The Movant is:

☐   Original holder of the beneficial interest in the Property.  A true and correct copy of a recorded proof of this interest is attached hereto as Exhibit _____ *(e.g. deed of trust)*.

☐   Assignee of the original holder of the beneficial interest in the Property.  A true and correct copy of recorded proof of this interest is attached hereto as Exhibit _____.  (*e.g., allonge, assignment, et. al.*).

☒   Servicing or subservicing agent pursuant to a servicing agreement or other documented authorization to act as Movant for the owner of the beneficial interest.  Attached hereto as Exhibit __5__ is a true and correct copy of the relevant part of the document which reflects authority to act as Movant for the owner of the beneficial interest.

4.  a.  The address of the Property that is subject of this Motion is:

Street Address: _____431 Milton Drive_____
Unit/suite no.: _____
City, state, zip code: _San Gabriel, California 91775_____

b.  The legal description or document recording number (including county of recording) set forth in Movant's deed of trust is attached as Exhibit __1__.

☒   See attached page.

5.  Type of property *(check all applicable boxes)*:

a. ☒ Debtor's principal residence   b. ☐ Other single family residence
c. ☐ Multi-unit residential         d. ☐ Commercial
e. ☐ Industrial                     f. ☐ Vacant land
g. ☐ Other *(specify)*: _____

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                Page 6                         **F 4001-1.RFS.RP.MOTION**

6. Nature of Debtor's interest in the Property:

    a. ☒ Sole owner

    b. ☐ Co-owner(s) *(specify)*:

    c. ☐ Lien holder *(specify)*:

    d. ☐ Other *(specify)*:

    e. ☒ Debtor ☒ did ☐ did not    list the Property in the schedules filed in this case.

    f. ☒ Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☒ trust deed

        The deed was recorded on:    February 22, 2010

7. Amount of Movant's claim with respect to the Property:

| | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|
| a. Principal: | $ | $ | $445,014.23 |
| b. Accrued interest | $ | $ | $8,344.00 |
| c. Late charges | $ | $ | $.00 |
| d. Costs (attorney's fees, other costs): | $ | $ | $310.00 |
| e. Advances (property taxes, insurance): | $ | $ | $1,013.02 |
| f. Less suspense account or partial balance paid: | $[          ] | $[          ] | $[3,545.60  ] |
| g. TOTAL CLAIM as of:   June 17, 2014 | $ | $ | $451,135.65 |
| h: ☐ Loan is all due and payable because if matured on *(specify date)*: | | | |

8. Movant holds a    ☒ deed of trust    ☐ judgment lien ☐ other *(specify)*_____
that encumbers the Property.

    a.  A true and correct copy of the document as recorded is attached as Exhibit    1   .

    b.  A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached
as Exhibit    2   .

    c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
trust to Movant is attached as Exhibit    3 & 4   .

9. Status of Movant's foreclosure actions relating to the Property (*fill the date of check the box confirming no such action
has occurred*):

    a.  Notice of default recorded on the following date: _____or none recorded ☒

    b.  Foreclosure sale originally scheduled for the following date: _____ or none scheduled ☒

    c.  Foreclosure sale currently scheduled for the following date:_____or none scheduled ☒

    d.  Foreclosure sale already held on the following date: _____ or none held ☒

    e.  Trustee's deed on sale already recorded on the following date: _____ or none recorded ☒

10. Attached (*optional*) hereto as Exhibit    6    is a true and correct copy of a POSTPETITION statement of account that
accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the
petition date.

11. ☐ (chapter 7 and 11 cases only):

    Status of Movant's loan:

    a.  Amount of current monthly payment: $_____ for the month of _____, _____.

    b.  Number of payments that have come due and were not made: _____. Total amount: $_____.

c. Future payments due by time of anticipated hearing date (*if applicable*):

An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received within ____ days of said due date, a late charge of $_____ will be charged to the loan.

d. The fair market value of the entire Property is $_____, established by:

☐ Appraiser's declaration with appraisal attached herewith as Exhibit _____.

☐ A real estate broker or other expert's declaration regarding value attached as Exhibit _____.

☐ A true and correct copy of relevant portion(s) of Debtor's schedules attached as Exhibit _____.

☐ Other (specify): _____

e. **Calculation of equity in Property:**

Based upon ☐ preliminary title report   ☐ Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (if any) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | | |
| 2nd deed of trust: | | | |
| 3rd deed of trust: | | | |
| Judgment liens: | | | |
| Taxes: | | | |
| Other: | | | |
| TOTAL DEBT: $ | | | |

f. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit _____ and consist of:

☐ Preliminary title report

☐ Relevant portions of Debtor's schedules as filed in this case

☐ Other (Specify): _____

g. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 11d above, the Debtor's equity in the Property is $ _____ (§362(d)(2)(A)).

h. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $_____ (§362(d)(1)).

i. Estimated costs of sale: $ _____ (estimate based upon _____% of estimated gross sales price)

j. The fair market value of the Property is declining based on or due to:
_____
_____

12. ☒ (Chapter 12 and 13 cases only)

Chapter 12 or 13 case status information:

a. A 341(a) meeting currently scheduled for (*or concluded on*) the following date: ___March 30, 2012___
Confirmation hearing currently scheduled for (or concluded on) the following date: May 10, 2012___
Plan confirmed on the following date (*if applicable*): ___September 28, 2012___

b. Postpetition payments due BUT REMAINING UNPAID since the filing of this case:

| (Number of) 5 | payment(s) due at | $4,674.16 | Each = | $ 23,370.80 |
| (Number of) | payment(s) due at | $ | Each = | $ |
| (Number of) | payment(s) due at | $ | Each = | $ |
| (Number of) | payment(s) due at | $ | Each = | $ |
| (Number of) | late charge(s) at | $ | Each = | $ |
| (Number of) | late charge(s) at | $ | Each = | $ |
| (Number of) | late charge(s) at | $ | Each = | $ |
| (Number of) | late charge(s) at | $ | Each = | $ |

*(See attachment for additional breakdown or information attached as Exhibit _____.)*

c. Postpetition advances or other charges due but unpaid:                        $
   *(See attachment for details of type and amount attached as Exhibit _____.)*

d. Attorneys' fees and costs                                      $1,026.00 attys fees for Motion
   *(See attachment for details of type and amount attached as Exhibit _____.)*

e. Less suspense or partial paid balance                [$ 2,522.42                    ]

**TOTAL POSTPETITION DELINQUENCY:**          $ 21,874.38

f. Future payments due by the time of anticipated hearing date *(if applicable)*: ____1____
   An additional payment of $ 4,674.16 _____ will come due on July 1, 2014 , and on
   the 1st day of each month thereafter. If the payment is not received by the N/A day of the month, a late
   charge of $ N/A will be charged to the loan.

g. Amount and date of the last 3 postpetition payments received in good funds, regardless of how applied, from
   the Debtor, if applicable:

   $ 2,677.52 received on    April 8, 2014
   $ 2,672.52 received on    May 8, 2014
   $ 2,672.52 received on    June 3, 2014

h. ☐ The claim is provided for in the Chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____.

i. ☐ See attached declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach
   LBR Form F4001-1.DEC.AGENT.TRUSTEE).*

13. ☐ Movant has not been provided with evidence that the Property is currently insured, as required under the terms
   of the loan.

14. ☐ The court determined on _____ that the Property qualifies as "single asset real estate" as defined in
   11 U.S.C § 101(51B). More than 90 days have passed since the filing of the petition, more than 30 days have
   passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed
   a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the
   Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay,
   hinder, and or defraud Movant.

16. ☐ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

   a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or
      court approval. See attached continuation page for facts establishing the scheme.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                Page 9                        **F 4001-1.RFS.RP.MOTION**

b. ☐ Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:

1. Case Name:         Chapter:
   Case number:     Date dismissed:        Date discharged:
   Date filed:
   Relief from stay re this Property  ☐ was  ☐ was not granted.

2. Case Name:         Chapter:
   Case number:     Date dismissed:        Date discharged:
   Date filed:
   Relief from stay re this Property  ☐ was  ☐ was not granted.

3. Case Name:         Chapter:
   Case number:     Date dismissed:        Date discharged:
   Date filed:
   Relief from stay re this Property  ☐ was  ☐ was not granted.

☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

17. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any or all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases effecting this Property as set forth Exhibit _____ attached hereto.

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: _10/19/14_       _Rita Garcia_                                       
                       Printed Declarant's Name                            Signature of Declarant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                 Page 10                     F 4001-1.RFS.RP.MOTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

12651 High Bluff Drive, Suite 250, San Diego, CA 92130

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) REGARDING REAL PROPERTY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On *(date)* _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (stated method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/20/14 | Debbie Reinhardt Gomez | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*     Page 11     **F 4001-1.RFS.RP.MOTION**

**ADDITIONAL SERVICE INFORMATION (if needed):**

**Served Via First Class Postage Paid Mail**

**The Debtor(s)**
Joseph David Vidal
Ludivina Villegas
431 North Milton Drive
San Gabriel, CA 91775

**Attorney for Debtor(s)**
Dheeraj K. Singhal, Esq.
DCDM Law Group
30 North Raymond, Suite 801
Pasadena, CA 91103

**Chapter 13 Trustee**
Kathy A. Dockery (TR)
700 South Flower Street, Suite 1950
Los Angeles, CA 90017

**Courtesy Copy**

Chambers of the Honorable Sandra R. Klein
United States Bankruptcy Court
Edward R. Roybal Building
255 East Temple Street, Suite 1582
Los Angeles, California 90012

**Secured Creditor(s)**
Expo/cbsd
Citicards Private Label-Bankruptcy
P.O. Box 20483
Kansas City, MO 64195

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                Page 12                        **F 4001-1.RFS.RP.MOTION**

9173.0537 Exh.6.B

## LEGAL DESCRIPTION

Land Situated in the City of San Gabriel in the County of Los Angeles in the State of CA

LOT 149 OF TRACT NO. 7482, IN THE CITY OF SAN GABRIEL, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 83 PAGE(S) 27 TO 29 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL WATER IN OR UNDER SAID LANDS IN EXCESS OF SUCH WATER AS MAY BE PRODUCED FOR USE UPON THE SAID LAND, AS GRATED TO THE CITY OF SOUTH PASADENA, BY DEED RECORDED IN BOOK 2354 PAGE 261, OFFICIAL RECORDS.

Commonly known as: 431 Milton Drive , San Gabriel, CA 91775

EXHIBIT 1



**This page is part of your document - DO NOT DISCARD**

# 20100231944



Pages:
0010

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/22/10 AT 08:00AM**

| | | |
|---|---|---|
| FEES: | | 63.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 63.00 |

DAR - Title Company (Hard Copy)

**THIS FORM IS NOT TO BE DUPLICATED**         T79

Recording Requested By:
Theodore Tucker

Return To:
Document Management
Quicken Loans Inc.
20555 Victor Parkway
Livonia, MI 48152

Prepared By:
Theodore Tucker

Quicken Loans, Inc.
20555 Victor Parkway
Livonia, MI 48152
1-800-226-6308

———————————— [Space Above This Line For Recording Data] ————————————

State of California

# DEED OF TRUST

FHA Case No.

THIS DEED OF TRUST ("Security Instrument") is made on        February 12, 2010
The Trustor is Joseph D. Vidal and Ludi Villegas, husband and wife, as Joint
Tenants

431 Milton Dr, San Gabriel, CA 91775                                   , whose address is
("Borrower"). The trustee is TSI Title Company of California, Inc.

("Trustee"). The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for
Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws
of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888)
679-MERS.
Quicken Loans Inc.
("Lender") is organized and existing under the laws of        the State of Michigan        , and
has an address of 20555 Victor Parkway, Livonia, MI 48152
                                                     . Borrower owes Lender the principal sum of
Five Hundred Fifty Three Thousand Five Hundred Twenty and 00/100
                              Dollars (U.S. $553,520.00             ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which
provides for monthly payments, with the full debt, if not paid earlier, due and payable on March 1, 2025
          . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the

FHA California Deed of Trust with MERS - 4/96
Wolters Kluwer Financial Services
VMP®-4N(CA) (0711)
Page 1 of 8
Amended 11/07
Initials:

Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to the Trustee, in trust, with power of sale, the following described property located in                              Los Angeles                              County, California:


SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.
SUBJECT TO COVENANTS OF RECORD.


Parcel ID Number: 5363-003-016
which has the address of 431 Milton Dr                                                                              [Street]
      San Gabriel                              [City], California 91775            [Zip Code] ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. Monthly Payment of Taxes, Insurance and Other Charges. Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be

VMP®-4N(CA) (0711)                              Page 2 of 8                              Initials: _____

amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

<u>First</u>, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

<u>Second</u>, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

<u>Third</u>, to interest due under the Note;

<u>Fourth</u>, to amortization of the principal of the Note; and

<u>Fifth</u>, to late charges due under the Note.

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

Initials: _____

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A

written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

Initials: _____

VMP®-4N(CA) (0711)                    Page 5 of 8

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. **Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs.

20. **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

21. **Request for Notices.** Borrower requests that copies of the notices of default and sale be sent to Borrower's address which is the Property Address.

VMP®-4N(CA) (0711)                              Page 6 of 8                              Initials: _____

**22. Beneficiary Statement.** Lender may collect a fee, not to exceed the maximum amount permitted by law for furnishing Beneficiary statement as provided by Section 2943 of the Civil Code of California.

**23. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider              ☐ Growing Equity Rider              ☒ Other [specify]
☐ Planned Unit Development Rider ☐ Graduated Payment Rider          ~~Legal Attached~~

The undersigned Borrower requests that a copy of any Notice of Default and any Notice of Sale under this Security Instrument be mailed to the Borrower at the address set forth above. A copy of any Notice of Default and any Notice of Sale will be sent only to the address contained in this recorded request. If the Borrower's address changes, a new request must be recorded.

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____         _____  02/12/2010 (Seal)
                                        Joseph D. Vidal                      -Borrower

_____         _____  02/12/2010 (Seal)
                                        Ludy Villegas                        -Borrower

_____(Seal)   _____(Seal)
                          -Borrower                              -Borrower

_____(Seal)   _____(Seal)
                          -Borrower                              -Borrower

_____(Seal)   _____(Seal)
                          -Borrower                              -Borrower

VMP®-4N(CA) (0711)                       Page 7 of 8

PAGE 21

State of California County of          Los Angeles         } ss.

On        February 12, 2010          before me,  J.M. PEGORARI A NOTARY PUBLIC
                                                                    , personally appeared
Joseph D. Vidal and Ludi Villegas, husband and wife, as Joint Tenants

                                                                                          , who
proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and
that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.
    {This area for official notarial seal)

                                                                                        (Seal)

J.M. PEGORARI
Commission # 1729542
Notary Public - California
Los Angeles County
My Comm Expires Apr 4, 2011

VMP®-4N(CA) (0711)                    Page 8 of 8                      Initials:

<table>
<tr><td></td><td></td></tr>
</table>

|  |  |
|---|---|
| | FHA Case No. |

# NOTE

**State of California**

February 12, 2010
[Date]

Vidal, Joseph

431 Milton Dr
San Gabriel, CA 91775
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means
Quicken Loans Inc.

and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of Five Hundred Fifty
Three Thousand Five Hundred Twenty and 00/100

Dollars (U.S. $ 553,520.00          ), plus interest, to the order of Lender. Interest will be charged on unpaid principal,
from the date of disbursement of the loan proceeds by Lender, at the rate of Four and One-Half
percent (          4.500 %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date
as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if
Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

(A) **Time**

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on
April, 2010          . Any principal and interest remaining on the first day of          March, 2025          , will be due
on that date, which is called the "Maturity Date."

(B) **Place**

Payment shall be made at P.O. Box 553154, Detroit, MI 48255-3154
or at such place as Lender may designate in writing
by notice to Borrower.

(C) **Amount**

Each monthly payment of principal and interest will be in the amount of U.S. $ 4,234.40          . This
amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest
and other items in the order described in the Security Instrument.

(D) **Allonge to this Note for payment adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of
the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of
this Note. [Check applicable box]

☐ Graduated Payment Allonge    ☐ Growing Equity Allonge    ☐ Other [specify]

FHA California Fixed Rate Note - 10/95

**VMP**®-1R(CA) (0404)

VMP Mortgage Solutions, Inc. (800)521-7291

Page 1 of 3          Initials: _____

EXHIBIT 2

**5. BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**6. BORROWER'S FAILURE TO PAY**

    **(A)  Late Charge for Overdue Payments**

        If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of Four and No-Thousandths          percent (          4.000 %) of the overdue amount of each payment.

    **(B)  Default**

        If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

    **(C)  Payment of Costs and Expenses**

        If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7.  WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

**10. GROUNDS FOR ACCELERATION OF DEBT**

    **(A) Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by the Security Instrument and due under this Note if:

        (i) Borrower defaults by failing to pay in full any monthly payment required by this Note and the Security Instrument prior to or on the due date of the next monthly payment, or

-1R(CA) (0404)

Initials

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in the Security Instrument securing this Note.

**(B) Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all the sums due under this Note and secured by the Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(C) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(D) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights in the case of payment defaults to require immediate payment in full and foreclose if not paid. This Note and the Security Instrument do not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(E) Mortgage Not Insured.** Borrower agrees that should the Security Instrument and this Note secured thereby not be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option and notwithstanding anything in paragraph 10, require immediate payment in full of all sums secured by the Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure the Security Instrument and this Note secured thereby, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____    02/12/2010  (Seal)    _____    02/12/2010  (Seal)
Joseph D. Vidal                              -Borrower    Zudi Villegas                              -Borrower

_____                 (Seal)                         _____                 (Seal)
                                          -Borrower                                                                 -Borrower

WITHOUT RECOURSE
Pay To The Order of

Bank of America, NA

QUICKEN LOANS, INC.                        (Seal)    PAY TO THE ORDER OF                          (Seal)
By_____               -Borrower                                              -Borrower
THERESA ROODBEEN                                     WITHOUT RECOURSE
CAPTURE MANAGER                                      BANK OF AMERICA, N.A.

                                                    BY  _____
_____                 (Seal)    MICHELE SJOLANDER                            (Seal)
                                          -Borrower  SENIOR VICE PRESIDENT                        -Borrower

                                                                              *[Sign Original Only]*


VMP-1R(CA) (0404)                              Page 3 of 3

PAGE 25



**This page is part of your document - DO NOT DISCARD**

## 20120719800



**Pages:**
**0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**05/14/12 AT 04:30PM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |

**SEQ:**
**01**

ERDS - Daily

E13

EXHIBIT 3

Recording Requested By:
Bank of America
Prepared By:  Bank of America
1800 Tapo Canyon Road
Simi Valley, CA 93063
800-444-4302
When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin. SC 29036

Property Address:
431 Milton Dr
San Gabriel, CA 91775-2822
                          5/4/2012

This space for Recorder's use

MERS Phone #:  888-679-6377

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is 1901 E Voorhees Street, Suite C, Danville, IL 61834 does hereby grant, sell, assign, transfer and convey unto BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP whose address is 451 7TH ST SW #B-133, WASHINGTON, DC 20410 all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

| | |
|---|---|
| Original Lender: | QUICKEN LOANS INC. |
| Original Borrower(s): | JOSEPH D. VIDAL AND LUDI VILLEGAS, HUSBAND AND WIFE, AS JOINT TENANTS |
| Original Trustee: | TSI TITLE COMPANY OF CALIFORNIA, INC. |
| Date of Deed of Trust: | 2/12/2010 |
| Original Loan Amount: | $553,520.00 |

Recorded in Los Angeles County, CA on: 2/22/2010, book N/A, page N/A and instrument number 20100231944

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on
MAY 04 2012

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: 

Tyisha Jackson Assistant Secretary

State of California
County of Ventura

On ___MAY 0 4 2012___ before me, ___Navid Paktan___, Notary Public, personally appeared
___Trisha Jackson___ _____
, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity
(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public: ___Navid Paktan___         (Seal)
My Commission Expires: ___March 11, 2013___

NAVID PAKTAN
Commission # 1537714
Notary Public - California
Santa Clara County
My Comm. Expires Mar 11, 2013

DocID#



This page is part of your document - DO NOT DISCARD

# 20140372921



**Pages:**
**0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**04/11/14 AT 12:27PM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |

**SEQ:**
**01**

DAR - Mail (Hard Copy)

**THIS FORM IS NOT TO BE DUPLICATED**

E189399

EXHIBIT    4

Recording Requested By:
**Bank of America** ·
**Prepared By: Anne-Marie Calderon**
**101 S. Marengo Ave.**
**Pasadena, CA 91101**
**800-444-4302**

When recorded mail to:
  **ALDRIDGE CONNORS, LLP**
  **Fifteen Piedmont Center**
  **3575 Piedmont Road, N.E. Suite 500**
  **Atlanta, GA 30305**

Property Address:
**431 Milton Dr**
**San Gabriel, CA 91775-2822**

This space for Recorder's use

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is **1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063** does hereby grant, sell, assign, transfer and convey unto **PENNYMAC LOAN SERVICES, LLC** whose address is **6101 CONDOR DRIVE, MOORPARK, CA 93021-2602** all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

| | |
|---|---|
| Original Lender: | **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR QUICKEN LOANS INC., ITS SUCCESSORS AND ASSIGNS** |
| Original Borrower(s): | **JOSEPH D. VIDAL AND LUDI VILLEGAS, HUSBAND AND WIFE, AS JOINT TENANTS** |
| Original Trustee: | **TSI TITLE COMPANY OF CALIFORNIA, INC.** |
| Date of Deed of Trust: | **2/12/2010** |
| Original Loan Amount: | **$553,520.00** |

Recorded in **Los Angeles County, CA** on: **2/22/2010**, book N/A, page N/A and instrument number **20100231944**

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on ~~DEC 1 0 2013~~

BANK OF AMERICA, N.A., SUCCESSOR BY MERGER
TO BAC HOME LOANS SERVICING, LP

By: _____
    Michael Alcaraz
    Assistant Vice President

State of California
County of **LOS ANGELES**

On **DEC 1 0 2013** _____ before me, _____ **Sophie Neary Pok** _____, Notary Public, personally appeared
_____ Michael Alcaraz _____, who proved to me on the basis of satisfactory evidence to be the person
(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s),
or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under **PENALTY OF PERJURY** under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public: _____ Sophie Neary Pok
My Commission Expires: _____ July 30, 2015

(Seal)

SOPHIE NEARY POK
COMM. #1946008
Notary Public - California
Orange County
My Comm. Expires July 30, 2015

B6A (Official Form 6A) (12/07)

In re    **Jospeh David Vidal,**    Case No. _____
         **Villegas Ludivina**
                                                    ,
                              Debtors

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **431 N. Milton Drive,**<br>**San Gabriel, CA 91775** | **Fee simple** | **C** | **564,000.00** | **567,156.00** |

|  |  |  |
|---|---|---|
| Sub-Total > | **564,000.00** | (Total of this page) |
| Total > | **564,000.00** |  |

__0__  continuation sheets attached to the Schedule of Real Property    (Report also on Summary of Schedules)

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

PAGE  32                                     EXHIBIT  5

B6D (Official Form 6D) (12/07)

In re      **Joseph David Vidal,**                                          Case No.   **2:12-bk-16592-SK**
           **Ludivina Villegas**
                                              Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS - AMENDED

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxx1399** | | | Opened 3/22/11 Last Active 1/16/12 | | | | | |
| **Am Honda Fin** **6261 Katella Ave Ste 1a** **Cypress, CA 90630** | | H | **Purchase Money Security** **2011 Honda Accord (Still Leasing)** | | | | | |
| | | | Value $               11,000.00 | | | | 11,365.00 | 365.00 |
| Account No. **xxxxx6899** | | | Opened 2/01/10 Last Active 1/31/12 | | | | | |
| **Bank Of America, N.a.** **450 American St** **Simi Valley, CA 93065** | | C | **First Mortgage** **431 N. Milton Drive,** **San Gabriel, CA 91775** | | | | | |
| | | | Value $              564,000.00 | | | | 503,797.00 | 0.00 |
| Account No. **xxxxxxxxxxxx1394** | | | Opened 4/01/04 Last Active 12/02/09 | | | | | |
| **Expo/cbsd** **Citicards Private Label-Bankruptcy** **Po Box 20483** **Kansas City, MO 64195** | | C | **Judgment Lien** **431 N. Milton Drive,** **San Gabriel, CA 91775** | | | | | |
| | | | Value $              564,000.00 | | | | 63,359.00 | 63,359.00 |
| Account No. **xxxxx5858** | | | Opened 2/01/10 Last Active 12/06/11 | | | | | |
| **Hyundai Motor Finance** **Attn: Bankruptcy** **Po Box 20809** **Fountain Valley, CA 92728** | | C | **Purchase Money Security** **2010 Hyundai Genesis (Still Leasing)** | | | | | |
| | | | Value $               16,954.00 | | | | 6,468.00 | 0.00 |
| **1**   continuation sheets attached | | | Subtotal (Total of this page) | | | | 584,989.00 | 63,724.00 |

B6D (Official Form 6D) (12/07) - Cont.

In re   **Joseph David Vidal,**                                           Case No.   **2:12-bk-16592-SK**
        **Ludivina Villegas**
                                                    Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS - AMENDED
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | **Purchase Money Security** | | | | | |
| VW Credit, Inc. 9441 LBJ Freeway, Suite 350 Dallas, TX 75243 | | C | **2010 Volkswagon CC (Still Financing, Debtor is co-signer)** | | | | | |
| | | | Value $          20,510.05 | | | | 20,510.05 | 0.00 |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |

Sheet __1__ of __1__   continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | Subtotal (Total of this page) | 20,510.05 | 0.00 |
|---|---|---|---|
|  | Total (Report on Summary of Schedules) | 605,499.05 | 63,724.00 |

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                Best Case Bankruptcy

K.Scott
XXXXXX9603
Vidal, J
Case 12-16592
BK Filed 02/24/12

**POST-PETITION**

| Date Received | Amount Received | Amt Due | Month Applied To | Add/Minus to Debtor Suspense | Running Debtor Suspense |
|---|---|---|---|---|---|
| 2/29/2012 | 4650.00 | 4645.84 | 3/1/2012 | 4.16 | 4.16 |
| 3/19/2012 | 4645.84 | 4645.84 | 4/1/2012 | 0.00 | 4.16 |
| 4/18/2012 | 4643.34 | 4645.84 | 5/1/2012 | -2.50 | 1.66 |
| 5/18/2012 | 4643.34 | | | 4643.34 | 4645.00 |
| | | | | 0.00 | 4645.00 |
| | | | | 0.00 | 4645.00 |
| 5/24/2012 | | 4.16 | prin | -4.16 | 4640.84 |
| | | | | 0.00 | 4640.84 |
| 6/18/2012 | 4643.34 | 4645.84 | 6/1/2012 | -2.50 | 4638.34 |
| 7/13/2012 | 4643.34 | 4645.84 | 7/1/2012 | -2.50 | 4635.84 |
| 8/22/2012 | 4643.34 | 4645.84 | 8/1/2012 | -2.50 | 4633.34 |
| 9/24/2012 | 4643.34 | 4645.84 | 9/1/2012 | -2.50 | 4630.84 |
| | | | | 0.00 | 4630.84 |
| 10/31/2012 | 4643.34 | 4645.84 | 10/1/2012 | -2.50 | 4628.34 |
| | | | | 0.00 | 4628.34 |
| 11/30/2012 | 4643.34 | 4645.84 | 11/1/2012 | -2.50 | 4625.84 |
| 12/28/2012 | 4643.34 | 4645.84 | 12/1/2012 | -2.50 | 4623.34 |
| 1/31/2013 | 4643.34 | 4645.84 | 1/1/2013 | -2.50 | 4620.84 |
| 2/28/2013 | 4643.34 | 4645.84 | 2/1/2013 | -2.50 | 4618.34 |
| 3/29/2013 | 4643.34 | 4645.84 | 3/1/2013 | -2.50 | 4615.84 |
| 4/1/2013 | | | | 0.00 | 4615.84 |
| 5/1/2013 | 4676.92 | 4676.92 | 4/1/2013 | 0.00 | 4615.84 |
| 5/31/2013 | 4674.16 | 4676.92 | 5/1/2013 | -2.76 | 4613.08 |
| 6/5/2013 | 2672.52 | 15.00 | lc | 2657.52 | 7270.60 |
| 7/1/2013 | 2672.52 | | | 2672.52 | 9943.12 |
| 7/31/2013 | 2672.52 | | | 2672.52 | 12615.64 |
| 8/1/2013 | | 4674.16 | 6/1/2013 | -4674.16 | 7941.48 |
| 8/30/2013 | 2672.52 | | | 2672.52 | 10614.00 |
| 9/3/2013 | 1956.63 | 4674.16 | 7/1/2013 | -2717.53 | 7896.47 |
| | 1956.63 | | | 1956.63 | 9853.10 |
| 11/4/2013 | 4674.16 | 4674.16 | 8/1/2013 | 0.00 | 9853.10 |
| 12/11/2013 | | 4674.16 | 9/1/2013 | -4674.16 | 5178.94 |
| 12/31/2013 | 2687.52 | 15.00 | draft fee | 2672.52 | 7851.46 |
| 1/31/2014 | 2687.52 | 15.00 | draft fee | 2672.52 | 10523.98 |
| 2/4/2014 | | 4674.16 | 10/1/2013 | -4674.16 | 5849.82 |
| | | 4674.16 | 11/1/2013 | -4674.16 | 1175.66 |
| 3/4/2014 | 2672.52 | | | 2672.52 | 3848.18 |
| 4/8/2014 | 2677.52 | | | 2677.52 | 6525.7 |
| 4/10/2014 | | 4674.16 | 12/1/2013 | -4674.16 | 1851.54 |
| 5/8/2014 | 2672.52 | | | 2672.52 | 4524.06 |
| 6/3/2014 | 2672.52 | | | 2672.52 | 7196.58 |
| 6/5/2014 | | 4674.16 | 1/1/2014 | -4674.16 | 2522.42 |

EXHIBIT

6